UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| MARGARET MALVESTI,<br><br>　　　　　　　　*Plaintiff,*<br><br>v.<br><br>NOVO NORDISK A/S, NOVO NORDISK NORTH AMERICA OPERATIONS A/S, NOVO NORDISK US HOLDINGS INC., NOVO NORDISK US COMMERCIAL HOLDINGS INC., NOVO NORDISK INC., NOVO NORDISK RESEARCH CENTER SEATTLE, INC., and NOVO NORDISK PHARMACEUTICAL INDUSTRIES LP,<br><br>　　　　　　　　*Defendants*. | Case No. 3:25-cv-08018-ZNQ-RLS<br><br>Civil Action<br><br>Judge Zahid N. Quraishi<br>Magistrate Judge Rukhsanah L. Singh |

## STIPULATION REGARDING CLAIMS AGAINST CERTAIN NOVO DEFENDANTS

Counsel for Plaintiff Margaret Malvesti and Defendants hereby agree to and stipulate (herein, "Agreement") as follows:

WHEREAS, Plaintiff alleges product liability claims for injuries caused or otherwise related to the use of Wegovy® (the "Claims"); and

WHEREAS, Plaintiff asserts Claims against Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Defendants"), as well as Novo Nordisk North America Operations A/S, Novo Nordisk US Holdings Inc., Novo Nordisk US Commercial Holdings Inc., Novo Nordisk Research Center Seattle, Inc., and Novo Nordisk Pharmaceutical Industries LP (collectively, "Other Novo Entities"); and

WHEREAS, this Agreement is entered into to provide Plaintiff and Novo Defendants and Other Novo Entities (collectively, "the Parties") an opportunity to resolve their differences with respect to the status of the Other Novo Entities as appropriate or necessary parties to the lawsuit regarding or related to the Claims; and

WHEREAS, the Parties agree that it is in the mutual interest of each of them not to incur the costs of litigation relating to such Claims asserted against Other Novo Entities at this time; and

WHEREAS, the Plaintiff desires to protect and preserve such Claims to the extent that the applicable statute of limitations has not already expired as of the time of the filing of the Plaintiff's initial complaint; and

WHEREAS, neither the Novo Defendants, Other Novo Entities, nor the Plaintiff, by signing this Agreement, admit liability or responsibility to anyone and except as expressly provided for herein, each acknowledges that nothing contained herein shall operate so as to create or expand any rights, remedies, or liabilities of the Parties hereto.

NOW, THEREFORE, in consideration of, and in reliance upon, the mutual covenants, promises, and other obligations provided in the Agreement, and intending to be legally bound hereby, the Parties mutually agree as follows:

1. <u>Dismissal</u>.   In exchange for this Agreement, Plaintiff agrees to dismiss, without prejudice, Other Novo Entities from this action and will only name the Novo Defendants in the current action pertaining to Plaintiff's Claims.

2. <u>Jurisdiction</u>.   Neither the Novo Defendants nor the Other Novo Entities may argue lack of jurisdiction regarding any discovery disputes related to the Other Novo Entities.

3. <u>Discovery.</u>   Novo Defendants will respond on behalf of the Other Novo Entities to discovery served upon Novo Defendants that seeks information relating to the Other Novo

Entities. Any requests for discovery on the Other Novo Entities may be served on Novo Defendants and/or their counsel and does not need to be served upon the Other Novo Entities to be effective. Any information, documents, knowledge, or other discovery material in the possession custody or control of any of the Other Novo Entities shall be treated by the Novo Defendants (and all other Parties, and any finder of fact) as if it were within the possession custody and control of the Novo Defendants. Such Agreement does not prevent either Plaintiff or Novo Defendants from raising reasonable objections in good faith to the scope and relevance of the discovery requested or provided and does not in any way limit the Parties' positions before the applicable courts on discovery disputes. Discovery and information sought from the Other Novo Entities shall be assessed and treated as a party discovery obligation of the Novo Defendants.

4. <u>Assumption</u>.   Novo Defendants will not claim, assert, or acquiesce to the position that Other Novo Entities are a responsible party or liable party in this action. To the extent a jury were to place any percentage of responsibility on the Other Novo Entities, Novo Defendants assume that liability as its own in all respects, and agrees to pay any and all damages, if any, awarded to Plaintiff in a final judgment related to said liability.

5. <u>Financial Stability</u>.   Novo Defendants are capable of covering any judgment levied against the Other Novo Entities in the course of this litigation and shall make no argument suggesting they are unable to pay any such judgment.

6. <u>Termination of Agreement</u>.   This Agreement may be terminated by any Party with at least 90 days' notice to the opposing Party in writing ("the Notice Period"). In the event of termination, the termination notice and this Agreement shall be deemed written consent of the Novo Defendants to Plaintiff's amendment of her complaint to name the Other Novo Entities as Defendants within the Notice Period. Leave of Court shall not be required.  Plaintiff may seek

extensions of time from the Novo Defendants to add the Other Novo Entities. Failure to amend a complaint to add Other Novo Entities during the Notice Period or an agreed-upon extension will result in any amendment to add Other Novo Entities that would otherwise be barred under the applicable statute of limitations as being barred as untimely.

7.  <u>Effect of Expiration or Termination of Agreement</u>.  The running of all applicable statutes of limitations shall commence upon termination of the notice period (*i.e.*, when the 90-day Notice Period or agreed-upon extension expires, if a Party terminates the Agreement). The applicable statute of limitations shall not be extended for the length of time the Plaintiff's Claims were subject to this Agreement. For example, if Plaintiff's statute of limitations would expire December 1, 2025 absent this Agreement, and Novo Defendants notify Plaintiff's Counsel on January 1, 2026 that it will terminate the Agreement on April 1, 2026, Plaintiff would have until April 1, 2026 to file an amended complaint; otherwise, Plaintiff's Claims as to the Other Novo Defendants would be time-barred (*i.e.*, the Plaintiff has 90 days following written notice indicating the intent to terminate to file her lawsuit if the applicable statute of limitations expired during the period of time that Plaintiff's Claims were subject to suspension).

8.  <u>Relation Back</u>. In the event that one or more of the Parties terminate the Agreement, the Parties agree to relate the calculation of any and all time periods[1] for filing or pursuing claims against the Other Novo Entities to the time of the initial filing of Plaintiff's complaint naming Novo Defendants.

---

[1] Said time periods shall include, but not be limited to statute of limitations, statute of repose, and/or any other law that could act to preclude a claim based on the passage of time, to the extent permitted by the applicable law.

9. <u>Time Lapse Defenses Not Covered by this Agreement</u>.   The Novo Defendants and Other Novo Entities shall be free to assert the defenses that the Claims were barred by lapse of time as of the date of filing Plaintiff's complaint against Novo Defendants.

10. <u>Non-Admission of Liability</u>.  This Agreement does not and shall not constitute an admission or implication that any conduct of any of the Parties was wrongful, unlawful, negligent, or violative of any federal or state statute or regulation or any contract or common law. By entering into this Agreement, none of the Parties shall be deemed to have: (a) made any admissions against her or its respective interest; (b) admitted any alleged liability, wrongdoing or violation of any rule, regulation, or statute; or (c) waived any claims or defenses, however denominated, other than the defenses waived by this Agreement, if any.

11. <u>Representations and Warranties</u>.   Each of the Novo Defendants and Other Novo Entities represents and warrants that (a) it has power and is duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth herein; and (b) this Agreement was duly executed and delivered and constitutes a legal, valid and binding obligation enforceable in accordance with its terms.

12. <u>Entire Agreement</u>.   This Agreement sets forth the entire understanding between the Parties, and all previous discussions, understandings, representations, negotiations, and agreements with respect to the matter included in this Agreement are merged herein. Additionally, the consideration recited herein is the full, complete, and entire consideration for this Agreement, and there is no further consideration to be paid or otherwise provided by any Party to any other Party other than as recited herein.

IN WITNESS THEREOF, the Parties have caused this Agreement to be executed on the 24th day of June 2025.

Dated: June 24, 2025

Respectfully submitted,

*s/ Raymond M. Williams*
Raymond M. Williams (NJ Bar No. 011282003)
Ilana H. Eisenstein (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Telephone: (215) 656-3300
Facsimile: (215) 606-3301
ilana.eisenstein@us.dlapiper.com
raymond.williams@us.dlapiper.com

Loren H. Brown (*pro hac vice* forthcoming)
Lucas P. Przymusinski (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Telephone: (212) 335-4846
Facsimile: (212) 335-4501
loren.brown@us.dlapiper.com
lucas.przymusinski@us.dlapiper.com

Matthew A. Holian (*pro hac vice* forthcoming)
Katherine W. Insogna (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Facsimile: (617) 406-6100
Matt.holian@us.dlapiper.com
Katie.insogna@us.dlapiper.com

*Attorneys for Defendants Novo Nordisk A/S and Novo Nordisk Inc.*

| | |
|---|---|
| Dated: June 24, 2025 | Respectfully submitted,<br><br>*s/ Parvin K. Aminolroaya*<br>Christopher A. Seeger<br>Parvin K. Aminolroaya<br>**SEEGER WEISS LLP**<br>55 Challenger Rd., 6th Floor<br>Ridgefield Park, NJ 07660<br>Telephone: (973) 639-9100<br>cseeger@seegerweiss.com<br>paminolroaya@seegerweiss.com<br><br>*Attorneys for Plaintiff* |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| MARGARET MALVESTI, <br><br> *Plaintiff,* <br><br> v. <br><br> NOVO NORDISK A/S, NOVO NORDISK NORTH AMERICA OPERATIONS A/S, NOVO NORDISK US HOLDINGS INC., NOVO NORDISK US COMMERCIAL HOLDINGS INC., NOVO NORDISK INC., NOVO NORDISK RESEARCH CENTER SEATTLE, INC., and NOVO NORDISK PHARMACEUTICAL INDUSTRIES LP, <br><br> *Defendants*. | Case No. 3:25-cv-08018-ZNQ-RLS <br><br> Civil Action <br><br> Judge Zahid N. Quraishi <br> Magistrate Judge Rukhsanah L. Singh |

## [PROPOSED] ORDER OF DISMISSAL OF OTHER NOVO ENTITIES

THIS MATTER, having come before the Court upon the stipulation of Plaintiff Margaret Malvesti and Defendants, and the Court having reviewed the stipulation and finding good cause, IT IS HEREBY ORDERED that:

1. Pursuant to the terms of the stipulation agreed to by the parties, all claims against Novo Nordisk North America Operations A/S, Novo Nordisk US Holdings Inc., Novo Nordisk US Commercial Holdings Inc., Novo Nordisk Research Center Seattle, Inc., and Novo Nordisk Pharmaceutical Industries LP (collectively, "Other Novo Entities") are hereby dismissed without prejudice.

2. This dismissal shall not affect Plaintiff's claims against Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Defendants"), which remain pending in this action.

3. The terms of the stipulation shall govern the parties' obligations with respect to discovery and any other agreements regarding the dismissed Other Novo Entities.

4. Each party shall bear its own costs and attorneys' fees related to the dismissal of the Other Novo Entities.

**IT IS SO ORDERED.**

                                                **Honorable Zahid N. Quraishi**
                                                **United States District Judge**